IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DALE P. FIELD, JR.,

    Petitioner,

v.

OHIO ADULT PAROLE AUTHORITY,

    Respondent.

Case No. 2:17-cv-00751
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth A. Preston Deavers

## REPORT AND RECOMMENDATION

Petitioner brings this *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition*, Respondent's *Motion to Transfer*, Petitioner's *Response*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Transfer* (ECF No. 23) be **DENIED**, and that Respondent be **DIRECTED** to submit a Response to the *Petition* within twenty-one (21) days.

**Facts and Procedural History**

On March 4, 2011, Petitioner was sentenced pursuant to his guilty plea to one count of unlawful sexual conduct with a minor in the Geauga County Court of Common Pleas to a term of three years of incarceration, to be followed by five years of supervised release. *See State v. Field*, No. 2011-G-3010, 2012 WL 5499654 (Ohio App. 11th Dist. Nov. 13, 2012). According to the Petition, on May 13, 2014, Petitioner was arrested in West Virginia for violating the terms of his parole. On August 27, 2015, he pleaded guilty in Taylor County, West Virginia, to two counts of domestic battery, and was sentenced to an aggregate term of two years. Thereafter, on January 7, 2016, Petitioner pleaded guilty to violating his parole. He received a sentence of six months for the parole violation.

However, Petitioner complains that the Ohio Adult Parole Authority has unconstitutionally refused to credit the time he is serving in West Virginia for his sentence on the parole violation, as required under Ohio law, his initial judgment entry of sentence, and by the terms of his sentence in West Virginia. Petitioner asserts that his maximum sentence has expired and seeks immediate release. He indicates that he raised this same claim in a state habeas corpus petition in the Ohio Supreme Court; however, on January 25, 2017, the Ohio Supreme Court *sua sponte* dismissed that action. (ECF No. 1, PAGEID # 13.) It is the position of the Respondent that this action should be transferred to the United States Court of Appeals for the Sixth Circuit as successive.

28 U.S.C. § 2244(b)(3)(A) states that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Id*.

Thus, this Court is without jurisdiction to entertain a second or successive § 2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will

issue this certification only if Petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims:*.

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id*. at 47.

Clearly, the statute does not refer to all applications filed second or successively in time. *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). A later-filed petition that presents a claim that was not ripe for presentation at the time the earlier action was filed will not be considered a second or successive petition within the meaning of the statute. *Id*. at 947. "A petition is successive if 'it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect.'" *In re Marsch*, 209 F. App'x 481, 483 (6th Cir. 2006) (quoting *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006) (citing *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)). "The restrictions also do not apply if an intervening state court judgment (such as a resentencing) occurred after the first habeas petition was decided." *In re Campbell*, 874 F.3d 454, 459 (6th Cir. 2017) (citing *Magwood v. Patterson*, 561 U.S. 320, 339 (2010); *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015)). The United

3

States Court of Appeals for the Sixth Circuit has held that a habeas corpus petition that challenges the denial of parole, but which is filed after an earlier petition challenging the underlying criminal conviction, is a second or successive petition within the meaning of § 2244(b)(3)(A) if the denial of parole occurred prior to the filing of the first habeas corpus action. *In re Marsch*, 209 F. App'x 481.

Petitioner filed a prior federal habeas corpus petition challenging his underlying criminal conviction on unlawful sexual conduct with a minor. *Field v. Turner*, No. 1:13-cv-1415, 2016 WL 1161924 (N.D. Ohio March 24, 2016). Petitioner now challenges the actions of the Ohio Adult Parole Authority in denying his release as a result of his January 2016, parole violation based on his subsequent domestic violence convictions in West Virginia. Petitioner could not have raised this same claim in his earlier habeas corpus petition.

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Transfer* (ECF No. 23) be **DENIED**, and that Respondent be **DIRECTED** to submit a Response to the *Petition* within twenty-one (21) days.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

*s/ Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge