**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

DALE P. FIELD, JR,

    Petitioner,   :  Case No. 2:17-cv-751

 - vs -         Chief Judge Edmund A. Sargus, Jr.
             Magistrate Judge Michael R. Merz

OHIO ADULT PAROLE
 AUTHORITY, et al.,
             :
    Respondents.

# REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 was brought *pro se* by Petitioner Dale P. Field, Jr., in the United States District Court for the Northern District of West Virginia (Petition, ECF No. 1). At that Court's direction, Field re-filed his Petition on the standard form (ECF No. 11). Chief Judge Groh of that Court, on Petitioner's Motion, ordered the case transferred to this Court pursuant to 28 U.S.C. § 1404(a). Respondent answered the Petition (ECF No. 28). Petitioner then filed his Traverse (ECF No. 31). On July 10, 2018, Chief Magistrate Judge Elizabeth A. Preston Deavers transferred the Magistrate Judge reference of the case to the undersigned to help balance the Magistrate Judge workload in this District.

The Petition shows that Field was convicted in the Geauga County Court of Common Pleas on one count of unlawful sexual conduct with a minor and sentenced on March 4, 2011, to three years incarceration followed by five years of post-release control (ECF No. 11, PageID 90-91).

Field pleads three grounds for relief:

1

> **Ground One:** Ohio APA [Adult Parole Authority] violated Field's right to equal protection.
>
> **Supporting Facts:** After being arrested and held in excess of 19 months for a post-release control violation, prior to extradition to Ohio, the Ohio APA denied credit for time served, ignoring equal protection and the order of the sentencing court. All time incarcerated "tolled" the post-release time, extending the supervision beyond that ordered by the court at sentencing.
>
> **Ground Two:** The Ohio APA violated Field's right to be free from cruel and unusual punishment.
>
> **Supporting Facts:** Field has been incarcerated by order of Ohio APA in direct relationship to an APA violation for a time in excess to the maximum allowed sanction time by order of the sentencing court, as well as having the post-release control extended beyond that order by the court.
>
> **Ground Three:** The Ohio APA violated Field's right to be free from double jeopardy.
>
> **Supporting Facts:** By not crediting time served while being held for a post-release control violation, the APA has circumvented the maximum sanction time, allowing Field to serve an extended sanction time, thus doubling without cause this time. Also, by "tolling" the PRC [Post-Release Control] time, APA forces Field to serve an extended time, thus doubling without cause this time. Also, by tolling PRC time, APA forces Field to serve an unreasonable length of time on PRC, both of which exceed the court's order.

(Petition, ECF No. 11).

In the Procedural Summary portion of the Answer, the Respondent sets forth Field's efforts to get the Geauga County Common Pleas Court to modify his post-release control terms (ECF No. 28, PageID 375-82). Field avers that that litigation is in no way "relevant to the matter at bar." (Traverse, ECF No. 31, PageID 403). Having pursued that litigation, he learned that the sentencing court did not have jurisdiction to consider the issues he was raising. Instead, "[t]his habeas corpus [petition], as initially filed in the Ohio Supreme Court as an initial, original action is the basis for

the current matter at bar, and is the only source of this argument that is viable or should be considered by this Court as that is all that Field as [sic] alleged." *Id.* at 404.

Field is apparently correct that the Common Pleas Court did not have jurisdiction to modify the terms of his sentence. *Hernandez v. Kelly,* l08 Ohio St. 3d 395, 2006-Ohio-126, 844 N.E.2d 301, superseded by statute on other grounds as stated in *State v. Singleton,* 124 Ohio St. 3d 173, 2009-Ohio- 6434, 920 N.E.2d 958; *State ex rel. Jackson v. McFaul,* 73 Ohio St.3d 185, 187, 652 N.E.2d 746 (1995). Therefore, Respondent's procedural default defense, grounded in Field's failure to appeal to the Ohio Supreme Court, should be overruled.

On June 23, 2016, when he was confined at the Noble Correctional Institution in Ohio, Field filed an original petition in habeas corpus in the Supreme Court of Ohio (State Court Record, ECF No. 22, PageID 268 et seq.) He amended that petition on July 7, 2016. *Id.* at PageID 300 et seq. In the Amended Petition, Field averred that the treatment of his case by the Ohio APA violated the original sentence imposed on him in Ohio, as well as a subsequent two-year sentence for misdemeanor domestic battery (two counts) in West Virginia:

> 17. On January 7, 2016, Petitioner went before the APA Hearing Officer, having been charged with a PRC violation, with his plea of "guilty with mitigation". The hearing officer found the Petitioner "guilty" of a PRC violation, and imposed a sentence of six (6) months in the Ohio Penal System. At this time Petitioner was informed that none of his time served in the Regional Jail, West Virginia would count towards his sentence of six (6) months, nor would any of that time count towards the available sanction time for his PRC, regardless of the arrest, booking, and consequential hold being Ohio APA related, and regardless of the sentencing Judge issuing an Order that the misdemeanor time be ran concurrent to any PRC time given. He was also informed that the time of incarceration at the Regional Jail, West Virginia would also be considered "dead time" as the PRC would be "tolled" as not to apply that time to his over all term of five (5) years PRC.

3

> 18. Petitioner has since been informed by the APA that the entirety of his time of incarceration has "tolled" the sentence of PRC, and that his end date of PRC has been adjusted from February 2019 to July 2021, adding over two (2) years to the sentence of PRC. This clearly adds to the sentence of five (5) years of PRC as imposed by the trial court, and violates the sentencing order.

*Id.* at PageID 304-05.

Much of the argument made by Field in his state habeas corpus petition relates to the correct interpretation of Ohio law. Although Field characterizes the instant proceeding as an "appeal" from the Ohio Supreme Court (Traverse, ECF No. 31, PageID 406), this Court does not have appellate jurisdiction over decisions of that court. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Barclay v. Florida,* 463 U.S. 939 (1983); *Smith v. Phillips*, 455 U.S. 209 (1982). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825) (Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248, 263 (6th Cir. 2018) (Thapar, J., concurring). To the extent Field is claiming that the Ohio Supreme Court or any lower Ohio court, was wrong in its interpretation of Ohio law, this Court cannot review those decisions.

Field asserts that, throughout his Ohio Supreme Court petition, he claimed that "this action by the APA is a direct and clear violation of his federal rights through Constitutional Law." (Traverse, ECF No. 31 PageID 407). In examining his amended petition, this Court finds express mention of the Equal Protection Clause at several points. Field relies on the decisions in *State v. Fugate*, 117 Ohio St. 3d 261, 2008-Ohio-856, 883 N.E.2d 440, and *State v. Russell*, 2nd Dist. Montgomery Case No. 26503, 2015-Ohio-3373 (Aug. 19, 2015), that the Equal Protection Clause

4

requires that a prisoner be given credit for jail time prior to adjudication when concurrent sentences are imposed (Amended Petition, State Court Record ECF No. 22, PageID 309, 310). He enunciates an equal protection claim in at least two other places in the amended petition. *Id*. at PageID 314, 315, ¶¶ 50, 58.

Field correctly points out that the Ohio Supreme Court has jurisdiction in habeas corpus to consider decisions of the Ohio APA. Thus, in filing for habeas corpus in that court, Field invoked the authority of a court that had jurisdiction to consider his claims, including any federal constitutional claims. When the Ohio Supreme Court decided his case, it rejected all of his claims in summary fashion. Chief Justice Maureen O'Connor's Entry for the court recites that the amended petition "was considered in a manner prescribed by law" [and] [u]pon consideration thereof, it is ordered by the court, *sua sponte*, that this cause is dismissed." (State Court Record, ECF No. 22, PageID 331).

Although the Ohio Supreme Court did not explain its decision, this Court is required to treat that decision as having been made on the merits. *Kernan v. Hinojosa*, 578 U.S. ----, 136 S. Ct. 1603, 194 L. Ed. 2d 701 (2016). Under those circumstances, this Court must give the Ohio Supreme Court's decision deference under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. 104-132, 110 Stat. 1214. *Id.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

5

> Recognizing the duty and ability of our state-court colleagues to adjudicate claims of constitutional wrong, AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires "a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Harrington* v. *Richter*, 562 U.S. 86, 101. "If this standard is difficult to meet"—and it is—"that is because it was meant to be." *Id*. at 102. We will not lightly conclude that a State's criminal justice system has experienced the "extreme malfunctio[n]" for which federal habeas relief is the remedy. *Id*. (internal quotation marks omitted).

*Burt v. Titlow*, 571 U.S. 12, 20 (2013). A habeas petitioner must show "that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Wheeler*, 577 U.S. ----, 136 S. Ct. 456, 460, 193 L. Ed. 2d 384 (2015) (*per curiam*), quoting *White v. Woodall*, 572 U.S. 415, 134 S. Ct. 1697, 1702, 188 L. Ed. 2d 698 (2014), *Harrington v. Richter*, 562 U.S. at 103.

Field has not argued his equal protection claim by citation to any Supreme Court authority. All he says on the merits is that his being held on the post-release control detainer "is a clear violation of Field's rights under the due process and equal protection clauses offorded [sic] to Field by both the State of Ohio and the Fifth, Eighth, and Fourteenth Amendments of the Federal Constitution." (Traverse, ECF No. 31, PageID 407.) The Magistrate Judge is not aware of any Supreme Court precedent remotely on point that holds under the Equal Protection Clause a State must give credit against post-release control time for time spent incarcerated in another State on a detainer. Field has not shown that the Ohio Supreme Court's decision on his equal protection claim is contrary to or an objectively unreasonable application of United States Supreme Court precedent. That decision is therefore entitled to deference.

6

In contrast to his equal protection claim, Field nowhere in his Amended Petition makes either a cruel and unusual punishment (Eighth Amendment) or double jeopardy (Fourteenth Amendment Due Process) claim. Because he failed to raise those claims when he had the opportunity to do so in his original habeas corpus action in the Supreme Court of Ohio, he has procedurally defaulted them and this Court is barred from considering them on the merits.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 17, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. . Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or

such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).