IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DALE P. FIELD, JR.,

    Petitioner,

v.

OHIO ADULT PAROLE
AUTHORITY, et al.,

    Respondents.

Case No. 2:17-cv-751
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

## OPINION AND ORDER

On July 17, 2018, the Magistrate Judge issued a Report and Recommendation recommending that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 be dismissed. (ECF No. 34.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 35.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection (ECF No. 35) is **OVERRULED**. The Report and Recommendation (ECF No. 34) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges the actions of the Ohio Adult Parole Authority ("OAPA") in refusing to give him credit for his time served on a sentence in West Virginia, or while he was being held on detainer in that State, for his five year sentence on a violation of the terms of his post-release control. Petitioner asserts that the OAPA thereby violated his right to equal protection, the Eight Amendment, and the Double Jeopardy Clause. The Magistrate Judge recommended dismissal of the latter two claims as procedurally defaulted, due to Petitioner's

failure to present such issues to the Ohio Supreme Court in his state habeas corpus petition, and his remaining claim as without merit.

Petitioner objects to that recommendation. He seeks a liberal construction of his pleadings, and argues that he preserved his double jeopardy claim for review by referring to the Fourteenth Amendment in state habeas corpus proceedings. Petitioner also objects to the dismissal of his claim as raising an issue regarding the alleged violation of State law. Referring to *Plumley v. Austin*, -- U.S. --, 135 S.Ct. 828 (2015), Petitioner maintains that the OAPA's refusal to grant him credit for time served amounts to a violation of federal constitutional law, thus warranting him relief under 28 U.S.C. § 2254(d).

This Court liberally construes the pleadings of *pro se* prisoners. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]") (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even a liberal construction of pleadings does not indicate that Petitioner has established a basis for relief. As noted by the Magistrate Judge, this Court is not aware of any Supreme Court holding that requires a State to provide credit against post-release control time for time spent incarcerated in another state on a detainer. Therefore, this claim does not provide Petitioner a basis for relief. "To analyze whether a state court decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, courts look only to the holdings of the Supreme Court's decisions as of the time of the relevant state court decision." *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013) (citing *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003). Petitioner's reference to *Plumley* does not assist him. *Plumley* addresses the issue of whether the presumption of judicial vindictiveness applied when a trial court issued an amended sentencing order that increased the terms of the defendant's sentence upon the filing

of a motion for corrected sentence. *Plumley*, 135 S.Ct. at 830. That issue is not before this Court. Additionally, this Court has reviewed the record, and it does not indicate that Petitioner ever presented to the state courts a claim under the Double Jeopardy Clause. His brief references to the Fourteenth Amendment did not do so. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim[.]")

For these reasons, and for the reasons discussed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 35) is **OVERRULED**. The Report and Recommendation (ECF No. 34) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, ——U.S.——. ——, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484

3

(2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims as procedurally defaulted or without merit. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed in forma pauperis on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

                         8-15-2018
                         **EDMUND A. SARGUS, JR.**
                         **CHIEF UNITED STATES DISTRICT JUDGE**